# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>      **Plaintiff,**<br><br>   **vs.**<br><br>**$95,198.80, in U.S. CURRENCY and ASSORTED COLLECTIBLE COINS, NOTES, SILVER BARS, and GOLD-PLATED CURRENCY, VALUED AT $7,021.80,**<br><br>      **Defendants.** | **CV 22-09-GF-BMM**<br><br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT, AND ORDER OF FORFEITURE** |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Randy J. Tanner, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1.    On February 3, 2022, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *In Rem* against the defendant property consisting of currency in the amount of $95,198.80 and assorted collectible coins, notes, silver bars, and gold-plated currency, valued at $7,021.80, to forfeit property under 21 U.S.C. § 881(a)(6), asserting the defendant property was furnished, or intended to be furnished, in exchange for a controlled substance, and/or was used, or intended to be used, to facilitate one or more violations of 21 U.S.C. §§ 841 et seq. (Doc. 1.)

2.    On February 11, 2022, the U.S. Marshal Service executed the Warrant of Arrest *In Rem* (Doc. 4) that was issued by this Court on February 7, 2022, and arrested the defendant currency. (Doc. 5, USM-285.)

3.    On February 4, 2022, the United States provided "actual notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture *In Rem* (Doc. 2) and Verified Complaint *In Rem* (Doc. 1) to claimant, Leland Lapier, Jr., and his attorney, Geoffrey Nathan, via first class U.S. mail and Certified mail, to the addresses provided in the administrative claim as well as the addresses provided by law enforcement. (See Doc. 17, Ex. 1-4.)

4. On February 25, 2022, Leland Lapier, Jr., filed a Verified Statement of Claim, (Doc. 7) and Answer (Doc. 6).

5.    The United States also provided "actual notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture *In Rem* (Doc. 2) and Verified Complaint *In Rem* (Doc. 1) to potential claimant, Cheyenne Petersen, via first class U.S. mail and Certified mail, to the address provided by law enforcement. (See Doc. 14, Ex. 1-2.)

6.    Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on March 23, 2022, and ending on April 21, 2022. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (March 23, 2022) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 8, Att. 1.)

7.    Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants, (Doc. 9) and Declaration filed in support of the motion (Doc. 10), the Clerk of District Court entered the default of unknown potential claimants, on June 3, 2022, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules.

(Doc. 11.)

8.    Upon considering the United States' Motion for Entry of Default of Known Potential Claimant, Cheyenne Petersen (Doc. 13), and Declaration filed in support of the motion (Doc. 14), the Clerk of District Court entered the default of Cheyenne Petersen, on January 11, 2023, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 15.)

9.    On August 15, 2022, Assistant U.S. Attorney, Victoria L. Francis, emailed Attorney Geoffrey Nathan to advise that his proposed settlement offer would be accepted. (Doc. 17, ex. 5.)

10.    On August 20, 2022, Attorney Geoffrey Nathan emailed AUSA Francis to inform that he had been unable to reach his client. (Doc. 17, Ex. 5.) On October 11, 2022, AUSA Randy J. Tanner, spoke with Attorney Geoffrey Nathan to inquire if he had been able to contact his client regarding the settlement offer. (Doc. 17 at 4.) Attorney Nathan advised that he had not been able to contact his client and that he would make one more attempt to contact him. (Doc. 17 at 4.)

11.    On October 14, 2022, Attorney Geoffrey Nathan emailed AUSA Tanner that due to Lapier's lack of contact, he would no longer be representing Lapier. (Doc. 17, Ex. 5.)

12.    On October 17, 2022, AUSA Tanner mailed a letter with the settlement

offer and the U.S.' First Discovery Request to the last known address of claimant, via First Class U.S. Mail, Certified Return Receipt. (Doc. 17, Ex. 6.)

13.    On November 21, 2022, the certified mailing of the settlement offer and the U.S.' First Discovery request was returned as "return to sender, attempted – not known, unable to forward." (Doc. 17, Ex. 7.)

14.    The United States reached out to law enforcement on October 12, 2022, and searched legal databases to locate any information on Claimant's current address and no new address was found. Claimant has not otherwise appeared in this case. (Doc. 17, Ex. 8.)

15.    On January 19, 2023, the United States filed a Motion to Strike Claim and Answer, and Enter Default Judgment Against Claimant, Leland Lapier, Jr., Potential Claimant, Cheyenne Petersen, and Any Unknown Potential Claimants. (Doc. 16), Declaration in Support of Motion (Doc. 17), and Brief in Support (Doc. 18), because Claimant failed to respond to the United States' First Discovery Request and otherwise defend this action.

16.    On February 13, 2023, the Court issued an Order granting the United States' Motion to strike the verified claim and answer of Leland Lapier, Jr. and entered default judgment against Leland Lapier, Jr., Cheyenne Petersen, and any unknown potential claimants. (Doc. 19.)

17.    The factual allegations set forth in paragraphs 1 through 27 of the

Verified Complaint for Forfeiture *In Rem* are verified by Drug Enforcement

Administration Special Agent Randolph Ladd. (Doc. 1)

Based upon the foregoing findings of fact, the Court makes the following

conclusions of law.

## CONCLUSIONS OF LAW

18.    The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345

and 1355. The United States has filed a Verified Complaint for Forfeiture *In Rem*

to forfeit the defendant property under 21 U.S.C. § 881(a)(6), as property

constituting monies or other things of value furnished or intended to be furnished

in exchange for a controlled substance, and/or were used or intended to be used to

facilitate one or more violations of 21 U.S.C. § 841, et seq.

19.    Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is

proper in this district because this is a civil proceeding to forfeit United States

currency found in this district, and the acts or omissions complained of occurred in

this district.

20.    Civil forfeitures are governed by the Supplemental Rules for Certain

Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules

of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149

n.2 (9th Cir. 2002).

21.    The Verified Complaint for Forfeiture *In Rem* sets forth detailed facts

to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant currency described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violations of 21 U.S.C. §§ 841 et seq. and 843(b), and subject to forfeiture under 21 U.S.C. § 881(a)(6).

22.    The totality of circumstances as set forth in the Verified Complaint *In Rem*, demonstrates that there is a substantial connection that the defendant property was furnished or intended to be furnished in exchange for a controlled substance, and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, et seq. and 843(b).

23.    Notice of this action was properly provided to known potential claimants, Leland Lapier, Jr. and Cheyenne Petersen, by providing "actual notice" by mailing the Verified Complaint *In Rem*, in accordance with Supplemental Rule G(4)(b)(v).

24.    Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

25.    In accordance with Fed. R. Civ. P. 55(b)(2), the Court properly entered the default judgment of Leland Lapier, Jr., Cheyenne Petersen, and any unknown

claimants.

26.    The United States is further entitled to an order of forfeiture of the defendant property in the amount of $95,198.80 and assorted collectible coins, notes, silver bars, and gold-plated currency, valued at $7,021.80.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    The United States is granted judgment against the defendant property in in the amount of $95,198.80 and assorted collectible coins, notes, silver bars, and gold-plated currency, valued at $7,021.80, and against any person asserting a claim to, or interest in, the defendant property.

2.    The defendant property consisting of currency in the amount of $95,198.80 and assorted collectible coins, notes, silver bars, and gold-plated currency, valued at $7,021.80, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

DATED this 3rd day of April, 2023.


_____
Brian Morris, Chief District Judge
United States District Court